The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On November 13, 1995, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employer-employee relationship existed between the parties.
3. As of November 13, 1995, defendant-employer was a duly qualified self-insured as provided under the Act.
4. The alleged injury giving rise to plaintiff's claim occurred on November 13, 1995.
5. That the issues to be determined in this case are:
 a. Did plaintiff sustain an injury by accident arising out of and in the course of his employment with defendant on November 13, 1995; and,
 b. If so, are the injuries of which plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is plaintiff entitled under the Act.
6. Plaintiff began working for defendant about November of 1993 and performed his last work duties for defendant on November 13, 1995.
At the hearing before the Deputy Commissioner on February 25, 1997, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of a medical note concerning restrictions on plaintiff's work activities to which defendant objects.
2. Plaintiff's Exhibit 7, marked P7, consisting of recorded statement dated December 13, 1995, to which the defendant objects.
3. Plaintiff's Exhibit 3, marked P3, consisting of a Form 18.
4. Plaintiff's Exhibit 4, marked P4, consisting of a Form 61, to which the defendant objects.
5. Plaintiff's Exhibit 5, marked P5, consisting of Form 33R, to which defendant objects.
6. Plaintiff's Exhibit 6, marked P6, consisting of a group of medical bills totaling $266.00.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. On November 13, 1995, plaintiff was 29 years of age with a high-school education and no special skills. At the time of the accident, plaintiff had been employed by the defendant for approximately two years as a laborer.
2. Plaintiff's job duties required him to take out trash and operate a forklift and power jack to move boxes of yarn weighing approximately 200 pounds from a storage area to the machines requiring yarn.
3. On November 13, 1995, plaintiff reached up over his head and pulled a box off the top of a pallet. Plaintiff picked the box up and scooted it, and when plaintiff dropped the box, he felt some pain in his back.
4. Plaintiff reported the incident to his supervisor immediately on November 13, 1995 and went to a medical provider for care and treatment of his back. Plaintiff was released to return to light duty with the defendant. Plaintiff took his light duty note back to his supervisor and was advised that there was no light duty work for him at that time and that he should go home.
5. Again on November 27, 1995, after his second visit to the medical provider, plaintiff was released to work with restrictions of lifting no more than ten pounds. Plaintiff presented this note to his supervisor, and again he was instructed that there was no light duty work for him and for him to go home. After November 27, 1995, plaintiff did not have any further contact with his supervisor or the defendant.
6. Prior to November 13, 1995 on or about February 7, 1995, plaintiff suffered an injury to his back while putting roofing shingles on his sister's house. As a result of the roofing injury, plaintiff did not sustain any lasting problems and he fully recovered before the injury in question occurred on November 13, 1995.
7. On November 13, 1995, plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant which is a new and separate injury from the injury which he sustained on February 7, 1995. The injury by accident of the work assigned on November 13, 1995 is not an exacerbation of the previous back injury, but it is an acute muscular-skeletal back injury causing chronic pain.
8. On January 2, 1996, the last date plaintiff was medically treated and examined, his condition had returned to normal with no indication of nerve damage or disk herniation. Although not officially released by his treating physician, plaintiff did not return to the doctor for further medical care or treatment for his back condition. Plaintiff's treating physician was his family doctor to whom plaintiff was expected to return for general health medical treatment or observation.
9. Plaintiff reached maximum medical improvement on January 2, 1996 when he last received medical treatment for his back.
10. Plaintiff sustained no permanent disability as a result of the incident of November 13, 1995.
11. Plaintiff lost time from work as a result of the incident of November 13, 1995 from November 13, 1995 to January 2, 1996.
12. Plaintiff was earning an average weekly wage of $275.00 on November 13, 1995.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On November 13, 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Defendant is obligated to provide to plaintiff such medical treatment as is reasonably required as a result of his specific traumatic incident or injury by accident to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
3. Plaintiff is entitled to temporary total disability compensation from November 13, 1995 to January 2, 1996 at the rate of $183.33 per week. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay to plaintiff in one lump sum temporary total disability compensation benefits from November 13, 1995 to January 2, 1996 at the rate of $183.33 per week, less the attorney fee hereinafter provided in paragraph three.
2. Defendant shall pay all reasonable medical expenses incurred or to be incurred in the future by plaintiff as a result of his compensable injury when bills for the same have been submitted through the defendant and approved according to procedures adopted by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under paragraph one of this Award is approved for plaintiff's counsel and shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
4. Defendant shall pay the costs.
This the ___ day of October 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER
S/ _____________________ DIANNE C. SELLERS COMMISSIONER